Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| EX AGTE. RAFAEL LÓPEZ JIMÉNEZ #31695<br><br>Recurrente<br><br>v.<br><br>POLICÍA DE PUERTO RICO<br><br>Recurrido | KLRA202400207 | Revisión procedente de la Comisión de Investigación, Procesamiento y Apelación<br><br>Caso núm.: 22P-49<br><br>Sobre: Expulsión |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

El Negociado de la Policía de Puerto Rico (el "Negociado") expulsó a un agente por haber arrojado positivo a marihuana en una prueba de detección de sustancias controladas. Por las razones que se exponen a continuación, concluimos que actuó correctamente la Comisión de Investigación, Procesamiento y Apelación ("CIPA") al confirmar lo actuado por el Negociado.

I.

El Sr. Rafael López Jiménez (el "Agente") era agente del Negociado, adscrito a la División de Registros y Allanamientos del Cuerpo de Investigaciones Criminales de Aguadilla. El 5 de febrero de 2021, el Agente fue sometido por el Negociado a una prueba de detección de sustancias controladas (la "Prueba").

El 26 de abril de 2021, el Coronel Antonio López Figueroa, Comisionado del Negociado, remitió al Agente una *Notificación de Suspensión Sumaria de Empleo y Resolución de Cargos*, en la cual se le informo de la suspensión sumaria de empleo efectivo a la fecha de

notificación, por haber arrojado positivo a marihuana en la Prueba.

El Comisionado del Negociado, en lo pertinente, expuso:

> Al incurrir en los hechos antes mencionados, usted violó lo dispuesto en el Artículo 14, del Reglamento 4216, "Reglamento de Personal de la Policía de Puerto Rico", según enmendado por el Reglamento 9001 del 29 de agosto de 2017, sección 14.6.1 (A), Falta Leve Núm. 1 y Faltas Graves Núm. 20, 29 y 31.
>
> [...]
>
> Dicha conducta es incompatible con sus funciones como miembro del Negociado de la Policía de Puerto Rico por lo cual, lo suspendo sumariamente de empleo y me propongo expulsarlo del puesto que ocupa en el Negociado de la Policía de Puerto Rico.

El 29 de noviembre de 2021, el Comisionado del Negociado emitió una *Resolución Final de Expulsión.* Específicamente, el Comisionado expuso: "Luego de reevaluar el expediente y el informe del Oficial Examinador, he decidido confirmar el castigo anunciado en la Suspensión Sumaria de Empleo y Resolución de Cargos".

El 27 de diciembre de 2021, el Agente presentó una apelación ante la CIPA. En síntesis, alegó que: 1) para la fecha en que se realizó la Prueba, tenía vigente una licencia para el uso de cannabis medicinal expedida por la Junta de Reglamentación de Cannabis Medicinal del Departamento de Salud de Puerto Rico (la "Licencia"); 2) ni el Reglamento Núm. 6403, ni el Artículo 14 del Reglamento Núm. 9001, prohíben el uso de cannabis medicinal recetado por un médico; y 3) el Agente tiene buenas evaluaciones y no ha tenido problemas en el desempeño de su trabajo como miembro de la Policía.

El 12 de enero de 2023, la CIPA emitió una *Resolución* mediante la cual declaró *Ha Lugar* la Apelación, revocó el castigo de expulsión impuesto al Agente y ordenó el pago de salarios y haberes dejados de percibir mientras estuvo expulsado.

No obstante, luego de que el Negociado solicitara la reconsideración de la referida determinación, en enero de 2023, la CIPA la dejó sin efecto.

En marzo de 2023, el Negociado presentó una *Moción sobre Solicitud de Desestimación o Disposición Sumaria*. El Agente se opuso y luego las partes presentaron una réplica y una dúplica.

El 28 de febrero de 2024, la CIPA notificó una Resolución (la "Decisión") mediante la cual desestimó con perjuicio la apelación del Agente. Razonó que el Reglamento Núm. 6304 establece la incompatibilidad del uso de sustancias controladas con todo puesto en el Negociado.

El 14 de marzo, el Agente solicitó la reconsideración de la Decisión, pero la misma fue rechazada de plano.

El 23 de abril, el Agente presentó el recurso que nos ocupa; formula los siguientes señalamientos de error:

1. Erró la Comisión de Investigación, Procesamiento y Apelación en desestimar con perjuicio la Apelación, el Apelante tenía vigente una licencia de cannabis medicinal expedida por el estado y al momento de los hechos no existía legislación, reglamentación o norma interna que prohibiera el uso a un funcionario.

2. Erró la Comisión de Investigación, Procesamiento y Apelación en desestimar con perjuicio la Apelación, sin evaluar que la licencia de cannabis medicinal del Apelante estaba vigente y no interfirió con sus labores.

El Negociado presentó su alegato en oposición. Resolvemos.

II.

La CIPA es un organismo administrativo creado en virtud de la Ley Núm. 32 de 22 de mayo de 1972, 1 LPRA sec. 171 *et seq.* ("Ley 32"). La CIPA tiene poderes cuasi judiciales para intervenir en aquellos casos en los que se impute mal uso o abuso de autoridad a cualquier agente del orden público, estatal o municipal, agente de rentas internas o cualquier otro funcionario del Poder Ejecutivo,

estatal o municipal, autorizado para efectuar arrestos. 1 LPRA sec. 172. La CIPA podrá ejercer sus funciones en primera instancia o en apelación. *Íd*; *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606 (2016).

En cuanto a su facultad en apelación, la CIPA actúa como un cuerpo apelativo con jurisdicción exclusiva para oír y resolver apelaciones interpuestas por cualquier agente del orden público, agente de rentas internas o cualquier otro funcionario ejecutivo autorizado para efectuar arrestos, cuando el (o la) dirigente del organismo o dependencia les haya impuesto cualquier medida disciplinaria en relación con, en lo pertinente, una suspensión de empleo y sueldo, o con faltas graves en el caso de miembros de la policía estatal o municipal. 1 LPRA sec. 172.

Así, luego de celebrar la vista correspondiente, la CIPA podrá confirmar, revocar o modificar la determinación o la actuación, de la cual se hubiere apelado, o podrá imponer cualquier sanción que la autoridad facultada para sancionar hubiese podido imponer. *Íd.* Además, respecto a la celebración de la vista ante la CIPA, esta constituye un tipo de juicio *de novo*. *Ramírez v. Policía de P.R.*, 158 DPR 320, 332 (2002); *Arocho v. Policía de P.R.*, 144 DPR 765, 772 (1998). Lo anterior quiere decir que la CIPA, sobre la base de la prueba que se le presente, así como del expediente ante el organismo administrativo revisado, puede hacer determinaciones de hechos y conclusiones de derecho nuevas y distintas a las que hiciera el organismo apelado. Incluso, la CIPA puede considerar la misma prueba presentada ante el organismo administrativo y, al apreciar dicha prueba, otorgarle el valor probatorio que entienda y llegar a una conclusión distinta. *Arocho v. Policía de P.R.*, 144 DPR, a la pág. 772.

III.

La *Ley para Reglamentar las Pruebas para la Detección de Sustancias Controladas en el Empleo en el Sector Público*, Ley 78 de 14 de agosto de 1997 ("Ley 78"), según enmendada, adoptó medidas necesarias para prevenir los efectos adversos del uso de sustancias controladas en el área de empleo en el sector público. Véase Exposición de Motivos de la Ley 78-1997. Como resultado, se establecieron programas para la administración de pruebas de sustancias controladas.

El Artículo 14(b) de la Ley 78, 3 LPRA sec. 2511(b)(1), establece (énfasis suplido):

> No se podrá despedir o destituir a un funcionario o empleado del puesto o cargo que ocupa por arrojar un resultado positivo corroborado en la prueba inicial para la detección de sustancias controladas. No obstante, a modo de excepción, **se podrá despedir o destituir al funcionario o empleado**:
>
> 1) Cuando por la propia naturaleza del empleo, la condición detectada resulte irremediablemente incompatible con el desempeño efectivo de las funciones y deberes del puesto o cargo. **Se declara irremediablemente incompatible con el uso de sustancias controladas, todo puesto o cargo en cualesquiera de las Agencias y Programas de Seguridad Pública**.[1]

Por otra parte, el *Reglamento del Programa para la Detección de Sustancias Controladas en Funcionarios y Empleados de la Policía de Puerto Rico*, Reglamento Núm. 6403 de 8 de marzo de 2002 (el "Reglamento de la Policía de 2002"), se creó con el propósito de

---

[1] El Artículo 4(c) de la Ley 78 establece que las "Agencias y Programas de Seguridad Pública" son: el Departamento de Justicia, el Negociado de Investigaciones Especiales, la Policía de Puerto Rico, la Comisión de Seguridad Pública, la Guardia Nacional de Puerto Rico, el Cuerpo de Bomberos, la Defensa Civil de Puerto Rico, el Cuerpo de Seguridad Escolar, el Cuerpo de Emergencias Médicas, la Administración de Corrección, el Programa de Salud Correccional del Departamento de Salud y los guardias de seguridad de las empresas privadas contratados por la Administración de Corrección para prestar servicios de custodia en instituciones penales, la Administración de Instituciones Juveniles, la Junta de Libertad Bajo Palabra, la Oficina de Servicios con Antelación al Juicio, la Corporación de Empresas de Adiestramiento y Trabajo, el Instituto de Ciencias Forenses, el Cuerpo de Vigilantes del Departamento de Recursos Naturales y la Administración de Servicios de Salud Mental y Contra la Adicción. 3 LPRA sec. 2501(c).

establecer las normas que rigen el programa de pruebas para la detección de sustancias controladas en el funcionariado y empleomanía del Negociado. Se establece allí que el uso de sustancias controladas por el personal de la Policía es irremediablemente incompatible con el desempeño efectivo de las funciones y deberes del puesto o cargo y menoscaban la eficiencia e integridad del servicio público. Arts. 4 y 5 del Reglamento de la Policía de 2002. De conformidad, el Artículo 16(A) del Reglamento de la Policía del 2002, sobre medidas disciplinarias, dispone que "[s]e declara irremediablemente incompatible con el uso de sustancias controladas, todo puesto o cargo en la Policía de Puerto Rico como Agencia de Seguridad Pública".

IV.

La *Ley para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites, Ley Medicinal*, Ley 42-2017 ("Ley 42"), 24 LPRA secs. 2621 *et seq.*, se aprobó para crear el marco legal para reglamentar el cannabis medicinal, así como establecer los usos medicinales y de investigación científica. Véase, Exposición de Motivos de la Ley Núm. 42. Principalmente, y en términos generales, la Ley 42 tuvo el efecto de eliminar de responsabilidad penal el uso del cannabis medicinal.

El 30 de julio de 2021 se aprobó la Ley 15-2021 ("Ley 15"), mediante la cual se enmendó la Ley 42 con el fin de establecer protecciones de empleo para pacientes registrados y autorizados de cannabis medicinal. A esos efectos, se estableció que los pacientes registrados, que se identifiquen ante un patrono como autorizados para el consumo de cannabis medicinal, serán considerados como una categoría protegida para propósito de las leyes de protección de empleo. Además, señala que ningún patrono podrá discriminar

contra una persona que sea paciente debidamente registrado y autorizado para utilizar cannabis medicinal.

Sin embargo, estas protecciones laborales no aplican cuando el patrono logre establecer, mediante preponderancia de prueba, cualquiera de las siguientes condiciones: (1) la utilización de cannabis medicinal represente una amenaza real de daño o peligro para las personas o propiedad; (2) la utilización de cannabis medicinal por el paciente registrado y autorizado interfiere con su desempeño y funciones esenciales de trabajo; (3) la utilización de cannabis medicinal por el paciente registrado y autorizado expone al patrono a la pérdida de alguna licencia, permiso o certificación relacionada con alguna ley, reglamentación, programa o fondo federal, o (4) el paciente registrado y autorizado ingiera o posea cannabis medicinal en su lugar de trabajo y/o durante horas laborales sin autorización por escrito del patrono. Artículo 24(c) de la Ley 42 (añadido por la Ley 15).

V.

Concluimos que procede la confirmación de la determinación del Negociado, la cual fue sostenida por CIPA. Desde años antes de realizada la Prueba, al momento de la Prueba, y actualmente, la norma ha sido que un agente de la Policía puede ser despedido, o disciplinado, por arrojar positivo a una sustancia controlada. Veamos.

Como cuestión de umbral, el Negociado estaba facultado para suspender sumariamente de empleo al Agente; el Artículo 2.20 de la *Ley del Departamento de Seguridad Pública de Puerto Rico*, Ley 20-2017 ("Ley Orgánica"), según enmendada, establece:

> El Comisionado tendrá autoridad para suspender sumariamente de empleo a cualquier miembro del Negociado de la Policía de Puerto Rico cuando la conducta del miembro de la Policía de Puerto Rico consista en el uso ilegal de fondos públicos, si es que aún no se le ha determinado causa para arresto o acusación por un delito grave, o cuando

exista base razonable para creer que este constituye un peligro real y significativo para la salud, vida o moral de los empleados o la ciudadanía. En tales casos, el Comisionado hará que se formulen los correspondientes cargos administrativos, los cuales investigará y resolverá a la brevedad posible, imponiendo la acción disciplinaria que estime razonable o disponiendo que vuelva al servicio dicha persona si a su juicio los hechos lo justificaren. 25 LPRA sec. 3550.

En el presente caso, se despidió al Agente por infringir el Artículo 14 del *Reglamento de Personal de la Policía de Puerto Rico* de 4 de mayo de 1981, Reglamento Núm. 4216, según enmendado por el Reglamento Núm. 9001 de 29 de agosto de 2017 ("Reglamento de Personal"). Específicamente, la Sección 14.6.1 (A), Falta Leve Núm. (1) y Faltas Graves Núm. (20) (29) y (31).[2]

Por su parte, según arriba expuesto, tanto la Ley 78 como el Reglamento de la Policía de 2002 específicamente establecen que se podrá despedir a un agente de la Policía por usar sustancias controladas, pues ello es irremediablemente incompatible con el desempeño efectivo de las funciones y deberes del puesto.

Mientras tanto, la Ley 42, tanto antes como luego de enmendada por la Ley 15, no dejó sin efecto ni alteró la norma específicamente establecida para los agentes de la Policía por la Ley 78 y el Reglamento de la Policía de 2002. Adviértase que, antes de

---

[2] En síntesis, la Sección 14.6.1 del Reglamento de Personal clasifica las faltas leves y graves, en lo pertinente, de la siguiente forma:

Falta Leve Núm. 1: Demostrar ineptitud, descuido, parcialidad o negligencia en el desempeño de sus deberes, funciones y responsabilidades.

Falta Grave Núm. 20: Usar drogas, tranquilizantes o estimulantes, a menos que los mismos sean por prescripción facultativa.
Esta falta administrativa conlleva la expulsión.

Falta Grave Núm. 29: Incurrir en conducta lesiva, inmoral o desordenada en detrimento del Cuerpo de la Policía.
Esta falta administrativa conlleva cuarenta (40) días de suspensión cuando sea primera sanción; setenta (70) días cuando sea la segunda sanción; y ciento veinte (120) días cuando sea por tercera sanción.

Falta Grave Núm. 31: Incurrir en conducta que constituya delito grave o menos grave que implique depravación moral. Para efectos de esta falta no es necesario la radicación y el progreso de cargos criminales, solo basta que la investigación administrativa refleje que el querellado incurrió en una conducta tipificada, como delito grave o menos grave que implique depravación moral.

las enmiendas de la Ley 15, la Ley 42 no proveía protección alguna, en términos del ámbito laboral, a persona alguna, mucho menos agentes de la Policía.

Incluso, luego de las enmiendas de la Ley 15 (aprobadas luego de efectuada la Prueba), quedó establecido que los agentes de la Policía no estarían automáticamente y absolutamente protegidos en su empleo si utilizan cannabis medicinal. Adviértase que la propia Ley 15 establece que sus protecciones no aplican cuando, por ejemplo, dicha utilización "representa una amenaza real de daño o peligro para las personas o propiedad", o ello interfiera con el "desempeño y funciones esenciales de trabajo". Este es el caso con los agentes del Negociado porque, por virtud de lo dispuesto en la Ley 78 y en el Reglamento de la Policía de 2002, como cuestión de derecho, la utilización de cualquier sustancia controlada por un agente del Negociado es incompatible con el desempeño por este de sus funciones esenciales de trabajo.

## VI.

Por los fundamentos expuestos, se confirma la Resolución recurrida.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Marrero Guerrero disiente con la siguiente expresión:

> "El Juez Marrero Guerrero disiente por considerar que la Comisión de Investigación, Procesamiento y Apelación ("CIPA") no debió desestimar, sin más, el recurso presentado por el recurrente. Sin anticipar un resultado en los méritos, considero que en este caso, al no permitirse la celebración de una vista, el patrono no ha logrado establecer mediante preponderancia de prueba que en el caso específico del recurrente (1) la utilización de cannabis medicinal representa una amenaza real de daño o peligro para las personas o propiedad; (2) la utilización de cannabis medicinal por el recurrente, conforme al resultado de las evaluaciones de su desempeño, interfiere con su trabajo y funciones esenciales del mismo; (3) la utilización de cannabis medicinal por el recurrente expone al patrono a la

pérdida de alguna licencia, permiso o certificación relacionada con alguna ley, reglamentación, programa o fondo federal, o (4) que el recurrente hubiese ingerido o poseído cannabis medicinal en su lugar de trabajo y/o durante horas laborales sin autorización por escrito del patrono.

También considero que, debido al cambio en el estado de Derecho ocurrido, entiéndase, la aprobación de la Ley 42-2017, 24 LPRA secs. 2621 *et seq.*, según enmendada por la Ley 15-2021, Ley posterior a la Ley y Reglamento en los que se basa el patrono para la destitución del recurrente, debió considerarse el alcance y contenido de la expresión "sustancia controlada" en el contexto del caso que nos ocupa. Abona a lo anterior que la propia Falta Grave Núm. 20 contenida en el Reglamento de Personal de la Policía de Puerto Rico de 4 de mayo de 1981, Reglamento Núm. 4216, según enmendado por el Reglamento Núm. 9001 de 29 de agosto de 2017 brinda un tratamiento distinto al que usa drogas, tranquilizantes o estimulantes, cuando los mismos sean por prescripción facultativa.

Así las cosas, revocaría la determinación recurrida y devolvería el asunto a la CIPA a los fines de que se lleve a cabo el procedimiento administrativo discutido en la Parte II de la Sentencia emitida por mis compañeros de Panel."

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones